# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:19-cv-00265 |
| Plaintiff, | : | Judge Michael R. Barrett |
| v. | : | |
| WESLEY M. ADAMS, *et al.*, | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court upon the Motion to Remand pursuant to 28 U.S.C. § 1447(c) filed by Plaintiff Total Quality Logistics, LLC ("TQL"). (Doc. 14). Defendants Wesley M. Adams ("Adams") and Covered Logistics, LLC ("Covered Logistics") filed a Response in Opposition (Doc 17.), and Plaintiff filed a Reply (Doc. 18). For the reasons set forth below, Plaintiff's Motion will be **GRANTED**.

### I. Background

According to the Complaint, Plaintiff provides freight brokerage services and is one of the largest third-party logistics companies in the United States. (Doc. 1–1, ¶ 9). Defendant was previously employed by Plaintiff as a Logistics Account Executive (Doc. 1–1, ¶ 17), and executed an "Employee Non-Compete, Confidentiality and Non-Solicitation Agreement" ("Agreement") on December 5, 2016 as a condition of his employment (Doc. 1–1, Ex. 1).

The Agreement specified, *inter alia*, that "for a period of one (1) year following termination or cessation of [Adams'] employment for any reason," Adams would not

1

"engage in, or have any other interest . . . in any Competing Business." (Doc. 1–1, Ex. 1, ¶ 9(b)). The Agreement also contained a provision barring Adams from disclosing trade secrets or "mak[ing] use of any such property for [Adams'] own purpose or the benefit of . . . any entity other than TQL under any circumstance." (*Id.* at ¶ 9(c)). Plaintiff alleges that after leaving TQL, Defendant Adams founded Covered Logistics and "actively solicited business from [TQL] prospects and customers," thereby "work[ing] in direct competition with TQL and its freight brokers." (Doc. 1–1, ¶ 22).

On March 11, 2019 Plaintiff brought claims against both Adams and Covered Logistics in the Clermont County Court of Common Pleas for breach of contract and misappropriation of trade secrets. (*Id.* at ¶¶ 32–52). On April 11, 2019 Defendants removed the case to this Court. (Doc. 1). In its Complaint, Plaintiff requests that any award "not exceed $75,000 in total," inclusive of the value of any injunctive relief. (Doc. 1–1, ¶ E). As such, Plaintiff argues that removal was improper because this Court does not possess jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Defendants, however, assert that removal was proper in this case because "Plaintiff's Complaint can fairly be read to indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs." (Doc. 1, ¶ 6).

II. **Legal Standard**

A civil case brought in state court may be removed to federal district court if the action is one over which the federal court could have exercised original jurisdiction. 28 U.S.C. §§ 1441(a). A federal district court has original jurisdiction over civil actions where there exists complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The defendant seeking

removal bears the burden of proving the existence of diversity jurisdiction "by a preponderance of the evidence." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006); *see also Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Subsequent to removal, a district court must remand a case if it appears that the court lacks subject matter jurisdiction. 28 U.S.C. §§ 1447(c). Should a dispute arise, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

### III. <u>Analysis</u>

#### a. <u>Motion to Remand.</u>

The parties do not dispute that complete diversity of citizenship exists in the present matter. The issue before the Court, then, is whether the amount in controversy exceeds $75,000, thereby permitting Defendants to lawfully remove the case to federal district court.

Longstanding precedent supports the position that if a plaintiff seeks to prevent a defendant from removing a case to federal court, it "may resort to the expedient of suing for less than the jurisdictional amount, and though [the plaintiff] would be justly entitled to more, the defendant cannot remove." *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). In assessing the amount in controversy, the plaintiff is seen as "master of [its] complaint," and "subject to a 'good faith' requirement in pleading, a plaintiff may sue for less than the amount [it] may be entitled to if [it] wishes to avoid federal jurisdiction and remain in state court." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d

994, 998-99 (9th Cir. 2007)); *see also Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U. S. 274, 276 (1977).

The determination becomes more complicated, however, if at least one of the following two conditions is present: "(1) [] the initial pleading seeks non-monetary relief; or (2) the initial pleading seeks a money judgment, but state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 16 Daniel R. Coquillette, et al., *Moore's Federal Practice: Civil* § 107.56 (2019). In such cases, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *see also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (In cases where a state rule of civil procedure permits recovery of damages in excess of the amount demanded, the burden rests on the removing defendant to "show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement.").

In their Notice of Removal, Defendants argue that the amount in controversy listed in Plaintiff's Complaint ("an amount that does not exceed $75,000 in total") is "a sham designed to prevent [a federal district court] from exercising its rightful jurisdiction over this claim." To support such an assertion, Defendants point to Plaintiff's use of the words "significant" and "substantial" in describing the value of the trade secrets at issue, as well as Plaintiff's large market share and stated position that "monetary damages alone will not be sufficient to remedy all of the harm caused to TQL by Adams' breach of the agreement." Rather, Defendants claim that losses stemming from the alleged breach of

4

contract amount to approximately $193,500 (the estimated amount of Adams' gross sales during a comparable time period), in addition to the value of any injunctive relief.

Defendants rightly note that when a state rule of civil procedure allows a party to recover more than the amount sought (such as Ohio Rule of Civil Procedure 54(C)), this Court has indeed found a difference between the general language in a complaint and an unequivocal stipulation that the plaintiff will neither seek, nor accept, damages in excess of $75,000. *See Burke-Williams v. Volkswagen Grp. Of Am., Inc.*, No. 1:15-CV-702, 2015 U.S. Dist. LEXIS 172193, at *5 (S.D. Ohio 2015). In this case, Plaintiff expressed a desire that the damages not exceed $75,000 *in toto*, but did not expressly stipulate that it would not accept damages over that amount. The mere absence of an unequivocal stipulation, however, does not automatically prove that the amount sought is an inaccurate reflection of the true damages.

As discussed previously, Defendants rely partly upon *gross sales* figures to support removal. The case law they provide to support reliance on such a figure for the purposes of establishing diversity jurisdiction, however, looked to *gross profits*. *See FirstEnergy Solutions Corp. v. Flerick*, 521 F. App'x 521, 525 (6th Cir. 2013). Ultimately, Adams' declaration does not rise to the level of "competent proof." *Gafford*, 997 F.2d at 160 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Defendants have not offered evidence of Plaintiff's gross profits during the comparable time period and have not otherwise rebutted the legitimacy of the amount pleaded in Plaintiff's Complaint.

The Court finds that Defendants have not shown, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000. Accordingly, Plaintiff's Motion to Remand is **GRANTED**.

**b. Costs and Fees.**

The law governing remand provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Paul v. Kaiser Found. Health Plan*, 701 F.3d 514, 523 (6th Cir. 2012) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

"The objective reasonableness standard, however, does not require a showing that the defendant's position was 'frivolous' or 'without foundation.'" *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. Jan. 22, 2013) (quoting *Martin*, 546 U.S. at 138-39)). Rather, the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.

The Court finds that an award of costs and fees is not appropriate in this case. While Defendants ultimately failed in preventing remand, their original basis for removal was not, in the Court's view, objectively unreasonable. As a result, the parties shall bear their own costs and fees.

## IV. Conclusion

Based on the foregoing, it is hereby **ORDERED** that Defendant Total Quality Logistics, LLC's Motion to Remand (Doc. 14) is **GRANTED**. This case is **REMANDED** to the Clermont County Court of Common Pleas and the parties shall bear their own costs and fees.

**IT IS SO ORDERED**.

                                                */s/ Michael R. Barrett*
                                               JUDGE MICHAEL R. BARRETT